UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 06-11504-NG

MICHAEL BLOUNT,

    Plaintiff

v.

TOWN OF STOUGHTON, MANUEL CACHOPA, AND CHRISTOPHER CIAMPA,

    Defendants

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into this 30th day of September, 2009, by and among Michael Blount ("Blount"), and the Town of Stoughton ("Town") [collectively referred to as the "Parties"].

WHEREAS, a dispute arose between the Parties concerning Blount's employment with the Town;

WHEREAS, Blount is the plaintiff in a civil action pending in the United States District Court for the District of Massachusetts, titled Michael Blount v. Town of Stoughton, et al., U.S. District Ct. C.A. No. 06-11504, alleging, among other things, violations of the First Amendment to the United States Constitution and the Massachusetts Whistleblower Statute;

WHEREAS, the Town and the individually-named defendants (Manuel Cachopa and Christopher Ciampa) deny any and all charges of misconduct or retaliation;

WHEREAS, the Parties have agreed, in order to avoid continued extensive legal proceedings and possible appeals, that it is in their mutual interest to fully and finally resolve all

of their disputes, including claims concerning, relating to, or arising out of Blount's employment with the Town, whether or not asserted in the above-referenced U.S. District Court Complaint, on the terms and conditions set forth below.

NOW THEREFORE, without this Agreement being an admission or evidence of liability or wrongdoing of any kind, or a waiver by the Town or any individually-named defendant of any defenses, the Parties mutually covenant and agree to the following provisions:

1. <u>Non-Admission.</u> This settlement affects the resolution and compromise of disputed claims against the Town and individually-named defendants, and, as indicated above, said settlement is not to be construed as an admission of liability or wrongdoing of any kind on the part of the Town and the individually-named defendants, which liability or wrongdoing is expressly denied. It is expressly understood that the settlement made hereunder is made solely in order to avoid the costs and expenses of further litigation of all pending claims as well as future claims against the Town, any of the individually-named defendants, or any of the Town's officials and/or employees, which may have arisen at any time up to the date of this Settlement Agreement and Release.

2. <u>Settlement Amount.</u> The Town, through its insurer, agrees to pay Blount the sum of $225,000 (Two Hundred Twenty Five Thousand Dollars and Zero Cents), in full resolution of any claims for monetary damages, including attorneys' fees, costs, and compensatory damages (including emotional distress damages).

<u>Tax Liability.</u> No taxes will be withheld from the payment described above, although the payment will be reported to certain government entities as required by law. Blount acknowledges that if there should be any tax liability upon the payment, that obligation shall be totally and exclusively his. Blount further acknowledges that no representations as to the taxability or non-taxability of the amounts described above have been or are being made by the Town, its insurer, or any of the Town's representatives.

3. <u>Shift Change.</u> The Parties acknowledge that Blount has sought a transfer from the 12 a.m. to 8 a.m. shift ("midnight shift") to the 8 a.m. to 4 p.m. shift ("day shift"). The Parties agree

that Blount will be transferred from the midnight shift to the day shift beginning October 1, 2009, and remain on the day shift through December 31, 2010. On and after January 1, 2011, Blount's shift will be assigned at the discretion of the Chief of Police. If Blount is reassigned to the midnight shift at any time between January 1, 2011 and September 30, 2014, the Town will pay Blount a sum of money equal to $750 for each month he is assigned to the midnight shift through September 30, 2014. For example, if Blount is assigned the midnight shift effective March 1, 2011, the Town will pay Blount $32,250 (= 43 months x $750/month).

Should any payments become due to Blount under this Paragraph, he will be required to execute a Release, similar to the Release language contained in Paragraph 6 of this Agreement, prior to receiving payment.

No payment under this section will be due to Blount if he is terminated or demoted from the rank of Lieutenant, or voluntarily separates from employment in the Stoughton Police Department.

4. Sick Days. Effective January 1, 2010, the Town agrees to restore to Blount the difference between the average number of sick days that he used between calendar years 2001-2004, and the average number of sick days that he used in calendar years 2005-2008 (as calculated by the Town based upon the Town's records reflecting Blount's sick leave usage), up to a maximum of 30 days.

5. Personnel File. The Town agrees to delete from Blount's personnel file all records of disciplinary action against him that are dated on or after December 1, 2004. The Stoughton Town Manager and Blount will meet for purposes of determining which records should be removed. The Parties will work in good faith to resolve any disputes over the removal of said documents.

6. Release. In consideration for the agreements and undertakings set forth herein, Blount, on his own behalf and on behalf of his family, heirs, successors, and assigns, hereby releases and forever discharges, and covenants not to sue or commence proceedings against the Town of Stoughton, the Stoughton Board of Selectmen (whether collectively or any individual members of the Board of Selectmen), Stoughton Town Manager Mark Stankiewicz, former

Stoughton Police Chiefs Manuel Cachopa and Christopher Ciampa, Trident, Member Argo Group formerly Massamont Insurance Agency ("Trident"), Redland Insurance Company ("Redland"), and any of Stoughton's and/or Trident's and/or Redland's agents, predecessors, successors, and assigns, and each of their present, former or future officers, directors, shareholders, trustees, employees, officials, servants, attorneys, insurers and other legal representatives, whether in an individual or official capacity (collectively the "Releasees"), from and with respect to any and all charges, complaints, actions, cause or causes of action, claims, lawsuits, accounts, covenants, contracts, debts, demands, agreements, damages, liabilities, or obligations of any kind whatsoever (including costs for medical or hospital services, disability or any other insurance benefits, attorneys' fees and costs actually incurred), of every name and nature, whether at law or in equity, whether in contract or tort or by statute or on any other basis, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, which he/they may have against said Releasees arising out of or in connection with or in any manner relating to Blount's employment at the Stoughton Police Department, or other claims of wrongful or unlawful conduct, up to the date of this Agreement, including without limitation of the foregoing, those which were alleged or could have been alleged in any court or administrative proceedings, those which have been or could have been raised in the context of a union grievance or internal complaint, and more specifically on account of the claims raised in the action titled <u>Michael Blount</u> v. <u>Town of Stoughton, et al.</u>, U.S. District Court, C.A. No. 05-11504.

This covenant and release is not intended to apply to and does not apply to a Board of Bar Overseers complaint previously filed against Christopher Ciampa and Blount's claims made in <u>Michael Blount</u> v. <u>Daniel McGowen, Lino Azul and John Owens</u>, Norfolk County Superior Court Civil Action No. 2009-0313.

7. <u>Stipulation of Dismissal.</u> The Parties will join in the execution of a Stipulation of Dismissal in <u>Michael Blount</u> v. <u>Town of Stoughton, et al.</u>, U.S. District Court, C.A. No. 05-11504, said Stipulation providing for a dismissal of all claims referenced therein with prejudice, without interest, costs or an award of attorneys' fees, and with all rights of appeal waived.

8. <u>Waiver Under the ADEA.</u> In addition to the mutual and general releases provided for through this Settlement Agreement and Release, Blount is waiving any and all rights under the Age Discrimination in Employment Act (the ADEA). Pursuant to the Older Workers Benefit Protection Act's provisions for the valid release of an Age Discrimination in Employment claim as contained in 29 USC §626(f), the Parties agree as follows:

   a. The terms of this Settlement Agreement and Release apply to any rights or claims arising under 29 USC §626(f), as well as those arising under G.L. c.151B, and Blount knowingly and voluntarily waives his rights under 29 USC §626(f), as well as G.L. c.151B and any other laws referenced in this Settlement Agreement;

   b. Blount hereby acknowledges that he has been advised to consult with an attorney prior to executing this Settlement Agreement and Release, and that he has exercised his right to review this Agreement with independent counsel of his own choosing;

   c. Blount acknowledges that he was advised that he has the right under the ADEA to consider this Agreement for a period of twenty-one (21) days prior to signing it, which twenty-one (21) calendar days he expressly waives.

   d. For a period of seven days following the execution of this Settlement Agreement and Release, Blount may revoke such Agreement and Release, and it shall not become effective or enforceable until the revocation period has expired. However, if Blount does not revoke the Agreement during this period, this Settlement Agreement and Release shall become enforceable upon expiration of said period. Should Blount exercise his right to rescind this Agreement he must do so in writing by way of certified mail to the Town Manager of the Town of Stoughton, postmarked within seven (7) days following Blount's execution of this Agreement.

9. <u>Representations and Recitals.</u> In entering into this Settlement Agreement and Release, the Parties represent that they have relied upon the legal advice of their attorneys, who are the attorneys of their choice, and that they have completely read the terms and provisions of this

Agreement and had the opportunity to inquire of their attorneys about these terms and conditions prior to executing this Agreement, and that those terms and conditions are fully understood and knowingly and voluntarily accepted by them.

10. Competency. In entering into this Settlement Agreement, Blount represents that he is at least eighteen years of age, that he understands this Settlement Agreement and Release, and that he understands the consequences of his entering into this Agreement.

11. Entire Agreement. This Settlement Agreement and Release constitutes the entire agreement between and among the Parties with regard to the subject matter set forth herein and supersedes all prior and contemporaneous agreements, understandings, and representations between or among the Parties, oral or written, concerning the subject matter hereof. This Settlement Agreement and Release may be modified only by a writing signed by all Parties. This Settlement Agreement and Release shall be construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.

12. Remedy. The substantial breach of any terms of this Settlement Agreement and Release by any party shall be subject to an action in Superior Court.

13. Invalidity. If any of the provisions herein are determined to be invalid by a court or government agency of competent jurisdiction, the invalid provisions shall be severed from the Settlement Agreement and Release and all other provisions shall remain valid and enforceable.

14. Cooperation in Filing Necessary Documents. The parties will cooperate to prepare, execute and file all necessary documents to effectuate the terms of this Settlement Agreement and Release.

15. Release of Unknown Damages. Blount hereby acknowledges that he understands that after the date of this Release, his damages and losses may turn out to be more severe or different than the he now believes them to be, or that damages of which he is now unaware may manifest themselves, and that, by signing this Release, he is accepting that risk and giving up any right to seek further monies from, or otherwise to assert any claim or demand against Releasees.

IN WITNESS WHEREOF, the Parties by their representative hereunto duly authorized,

have executed this Settlement Agreement and Release as of the date first written above and it shall be binding upon and inure to the benefits or the heirs, successors and assigns of the Parties hereto.

Plaintiff:                                               Stoughton Board of Selectmen:

_____                                _____
Michael Blount                                           Stephen Anastos

Dated: 10/11/09                                          Dated: 9/30/09


                                                         _____
                                                         John M. Anzivino

                                                         Dated: 30 SEPT 09


                                                         _____
                                                         Joseph M. Mokrisky

                                                         Dated: 9-30-2009

                                                         _____
                                                         John D. Anderson

                                                         Dated: _____


                                                         _____
                                                         Cynthia A. Walsh

                                                         Dated: 9/30/09

382974/METG/0641

7